# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

ANTUANE MEANS,

                                        Plaintiff,

            vs.                                              9:17-CV-746
                                                            (BKS/ATB)

JARED OLMSTED,[1] et al.,

                                        Defendants.

ANTUANE MEANS, Plaintiff, pro se
DAVID A. ROSENBERG, Asst. Attorney General for Defendants

ANDREW T. BAXTER
United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Brenda K. Sannes.

## I.    Background and Procedural History

Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983, challenging actions taken by defendants Corrections Officers ("CO") Olmstead and Bergman[2] in June of 2014, when they escorted plaintiff's to his father's funeral. (Complaint

---

[1] Defendant Olmsted was originally identified as "Mr. Jolsten" in the complaint. This defendant was later identified as Jared Olmstead, added as a defendant and served with process. (Dkt. Nos. 15, 17).

[2] Defendant Bergman was originally identified as "John Doe." Although he was later identified, and the complaint amended to add him as a defendant, he has never been served, notwithstanding two attempts at service, and has not formally appeared in this action. (Dkt. Nos. 15, 17, 23, 25, 27). Plaintiff has written to the court, stating that he has done everything that he can to allow the Marshal to serve defendant Bergman. (Dkt. No. 30). The court notes that on October 6, 2017, defense counsel wrote a letter to the court, stating inter alia, that defendant Bergman "is presently retired from DOCCS service." (Dkt. No. 14). The court will discuss future attempts at service below.

("Compl.")).  Plaintiff claims that defendants refused to provide him with civilian clothes during the visit with his mother, contrary to the Department of Corrections and Community Supervision ("DOCCS") policy.  Plaintiff also alleges that he was improperly handcuffed and shackled throughout the visit, the restraints were too tight, and he was injured as a result of being so restrained for thirteen hours.  Although plaintiff alleged additional claims against two other defendants, these claims and defendants were dismissed by Judge Sannes as the result of her initial review. (Dkt. No. 9). Thus, plaintiff's only remaining claims at this time, relate to his funeral visit against defendant Olmsted, the only remaining served defendant.[3]

Presently before the court is the defendant's motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust his administrative remedies as to the remaining claims. (Dkt. No. 28).  Plaintiff has responded in opposition to the motion, defendant filed a reply, and plaintiff filed a sur-reply. (Dkt. Nos. 31, 32, 33).

## II.    Motion to Dismiss

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

---

[3] Judge Sannes dismissed the other claims and defendants "without prejudice," and in a footnote, informed plaintiff that if he wished to pursue one or more of the claims that were dismissed by the court, he would have to file an amended complaint. (Dkt. No. 9 at 11 n.11).  Plaintiff has thus far, not attempted to amend his complaint.

2

U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

When considering a motion to dismiss pursuant to Rule 12(b)(6), the court's consideration is limited to the factual allegations as stated in the complaint, documents attached to the complaint as exhibits or incorporated into the complaint by reference, and matters of which the court can take judicial notice. *Portillo v. Webb*, No. 16 Civ. 4731, 2017 WL 4570374, at *1 (S.D.N.Y. ) (quoting *Brass v. Am. Film Tech.*, 987 F.2d 142, 150 (2d Cir. 1993) (citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47-48 (2d Cir. 1991)). A court may take judicial notice of a public record pursuant to Fed. R. Evid. 201(b). *Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000). In the case of a pro se litigant, the court may also consider materials that the pro se attaches to his or her papers in opposition to the motion to dismiss. *Portillo v. Webb*, 2017 WL 4570374, at *1 (citations omitted).

## III.    <u>Exhaustion of Administrative Remedies</u>

### A.    **Legal Standards**

The Prison Litigation Reform Act, (PLRA), 42 U.S.C. §1997e(a), requires an inmate to exhaust all available administrative remedies prior to bringing a federal civil rights action. The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and regardless of the

3

subject matter of the claim. *See Giano v. Goord*, 380 F.3d 670, 675-76 (2d Cir. 2004) (citing *Porter v. Nussle,* 534 U.S. 516, 532 (2002). Inmates must exhaust their administrative remedies even if they are seeking only money damages that are not available in prison administrative proceedings. *Id.* at 675.

The failure to exhaust is an affirmative defense that must be raised by the defendants. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Johnson v. Testman*, 380 F.3d 691, 695 (2d Cir. 2004). As an affirmative defense, it is the defendants' burden to establish that plaintiff failed to meet the exhaustion requirements. *See, e.g., Key v. Toussaint*, 660 F. Supp. 2d 518, 523 (S.D.N.Y. 2009) (citations omitted).

The Supreme Court has held that in order to properly exhaust an inmate's administrative remedies, the inmate must complete the administrative review process in accordance with the applicable state rules. *Jones*, 549 U.S. at 218-19 (citing *Woodford v. Ngo*, 548 U.S. 81 (2006)). In *Woodford*, the Court held that "proper" exhaustion means that the inmate must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a prerequisite to bringing suit in federal court. 548 U.S. at 90-103.

The grievance procedure in New York is a three-tiered process. The inmate must first file a grievance with the Inmate Grievance Resolution Committee ("IGRC"). N.Y. Comp. Codes R. & Regs., tit. 7 §§ 701.5(a)(1) and (b). An adverse decision of the IGRC may be appealed to the Superintendent of the Facility. *Id*. § 701.5(c). Adverse

decisions at the Superintendent's level may be appealed to the Central Office Review Committee ("CORC").  *Id*. § 701.5(d).  The court also notes that the regulations governing the Inmate Grievance Program encourage the inmate to "resolve his/her complaints through the guidance and counseling unit, the program area directly affected, or other existing channels (informal or formal) prior to submitting a grievance."  *Id.* § 701.3(a) (Inmate's Responsibility).  There is also a special section for complaints of harassment.  *Id*. § 701.8.  Complaints of harassment are handled by an expedited procedure which provides that such grievances are forwarded directly to the superintendent of the facility, after which the inmate must appeal any negative determination to the CORC. *Id.* §§ 701.8(h) & (i), 701.5.

Until recently, the Second Circuit utilized a three-part inquiry to determine whether an inmate had properly exhausted his administrative remedies.  *See Brownell v. Krom*, 446 F.3d 305, 311-12 (2d Cir. 2006) (citing *Hemphill v. State of New York*, 380 F.3d 680, 686 (2d Cir. 2004).  The *Hemphill* inquiry asked (1) whether the administrative remedies were available to the inmate; (2) whether defendants' own actions inhibiting exhaustion estops them from raising the defense; and (3) whether "special circumstances" justify the inmate's failure to comply with the exhaustion requirement.  *Id.*

The Supreme Court has now made clear that courts may not excuse a prisoner's failure to exhaust because of "special circumstances." *Ross v. Blake*, __ U.S. __, 136 S.

Ct. 1850, 1857 (June 6, 2016).  "'[M]andatory exhaustion statutes like the PLRA

establish mandatory exhaustion regimes, foreclosing judicial discretion.'" *Riles v.*

*Buchanan*, 656 F. App'x 577, 580 (2d Cir. 2016) (quoting *Ross*, __ U.S. at __, 136 S.

Ct. at 1857).  Although *Ross* has eliminated the "special circumstances" exception, the

other two factors in *Hemphill* – availability and estoppel – are still valid.  The court in

*Ross* referred to "availability" as a "textual exception" to mandatory exhaustion, and

"estoppel" has become one of the three factors in determining availability.  *Ross*, __

U.S. at __, 136 S. Ct. at 1858.  Courts evaluating whether an inmate has exhausted his

or her administrative remedies must focus on whether those remedies were "available"

to the inmate. *Id. See also Riles*, 2016 WL 4572321 at *2.  Defendants bear the burden

of proving the affirmative defense of failure to exhaust. *Williams v. Priatno*, 829 F.3d

118, 122 (2d Cir. 2016).

"Dismissal under Rule 12(b)(6) for failure to exhaust is appropriate if such

failure is evidenced on the face of the complaint and incorporated documents." *Lee v.*

*O'Harer*, No. 13-CV-1022, 2014 WL 7343997, at *3 (N.D.N.Y. Dec. 23, 2014); *Sloane*

*v. Mazzuca*, No. 04-CV-8266, 2006 WL 3096031, at *4 (S.D.N.Y. Oct. 31, 2006)

("[B]y characterizing nonexhaustion as an affirmative defense, the Second Circuit

suggests that the issue of exhaustion is generally not amenable to resolution by way of a

motion to dismiss." (internal quotation marks omitted)).

###### B.     Application

Defendant argues that "it is indisputable from the face of the complaint," that plaintiff did not exhaust his administrative remedies because he concedes that he "'never received any response to my grievance.'" (Def.'s Mem. of Law at 5) (quoting Compl. at 5, 6).  Defendant argues that, even though exhaustion is an affirmative defense, if plaintiff "'chooses to plead facts regarding exhaustion, and those facts show that he failed to exhaust his available administrative remedies, then his complaint may be dismissed for failure to state a claim.'" *Id.* (quoting *Young v. Monington*, No. 9:13-CV-999, 2014 WL 3107958, at *3 (N.D.N.Y. Jul. 8, 2014)).  Defendant then states that plaintiff "admits on the face of his Complaint that he *did not receive a response to his grievance*. . . . Therefore, Plaintiff failed to exhaust his administrative remedies." (*Id.*)

While defendant is correct that plaintiff states that he did not receive a response to his grievance, plaintiff does not state whether he did not receive a response after his grievance was actually filed, or whether he did not receive a response because the grievance was never filed.  In the first instance, according to the regulations, plaintiff would have been required to appeal to the next step of the grievance process. *See* 7 N.Y.C.R.R. §§ 701.6(g)(2) or 701.8(g) (an inmate may appeal a grievance "to the next step" if he does not receive a timely response).  However, in the second instance, these sections do not apply if the plaintiff's grievance was never filed. *Williams v. Priatno*, 829 F.3d at 124 (the regulations give no guidance whatsoever to an inmate whose

7

grievance was never filed).

Because defendants have filed only a motion to dismiss, this court must rely on the face of the complaint and any attached exhibits.  In addition, the court is compelled to interpret the plaintiff's complaint to raise the "strongest" arguments that "it suggests." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013).  In plaintiff's response to defendant's motion, he states that defendants had "well established bonds" to the IGRC officer, so it was "not a coincidence that [plaintiff] never received a reply . . . regarding the aforementioned matter at hand." (Dkt. No. 31 at CM/ECF p.5).  It is unclear what the plaintiff is attempting to say, but this court cannot assume that plaintiff's grievance was filed, and he simply did not get a response, requiring him to attempt an appeal to the next level.  In this case, the "strongest" argument "suggested" by the plaintiff's pleadings and response to defendant's motion is that somehow, his grievance was not filed or that corrections staff could be responsible for the failure to obtain a response to plaintiff's grievance.  If corrections staff somehow inhibited plaintiff's grievance from being filed, the administrative remedies could be considered "unavailable" under *Ross* and *Williams. See Shaw v. Ortiz*, No. 15-CV-8964, 2016 WL 7410722, at *5 (S.D.N.Y. Dec. 21, 2016).

Plaintiff claims that he wrote to the Superintendent, inquiring about the "ignored" grievance, but did not receive a response from him.  While defendant is correct in arguing that a letter to the Superintendent is normally insufficient to exhaust

plaintiff's remedies,[4] the letters in question could shed light on plaintiff's situation. It is the defendant's burden to show that plaintiff failed to exhaust, and without more, the court simply cannot assume that plaintiff's grievance was filed, and he failed in his responsibility to appeal to the next level from the grievance committee's failure to address the grievance.

In *Hicks v. Adams*, 692 F. App'x 647 (2d Cir. 2017), the Second Circuit affirmed the district court's dismissal of the action based on failure to exhaust, when, although plaintiff alleged that prison staff did not transmit the appeals he attempted to submit, he did not state when he submitted the appeals, to whom, and what, if any, steps he took after the documents were not filed. *Id.* at 648. The court held that Hicks's "conclusory allegation" was insufficient to plausibly assert that prison officials thwarted his attempt to appeal. *Id.* The *Hicks* court contrasted Mr. Hicks's situation to the plaintiff in *Williams*, where the plaintiff attempted to follow up with a letter to the Superintendent who "professed no knowledge of the grievance, suggesting that grievance had never been filed." *Id.* (distinguishing *Williams*, 829 F.3d at 120-21, 124 n.3).

In this case, unlike Mr. Hicks, plaintiff Means does claim that, when he did not obtain a response to his grievance, he wrote to the Superintendent, but received no response. Before this court may make a proper determination of whether plaintiff's

---

[4] *See Macias v. Zenk*, 495 F.3d 37, 44-45 (2d Cir. 2007) (informal steps, putting officials on "notice" are insufficient to exhaust administrative remedies).

remedies were "available," more information is necessary regarding whether plaintiff's grievance was actually filed, or whether filing was impeded in some way, making his remedies "unavailable." A motion for summary judgment, together with more information would be the appropriate procedure.

Generally, when the failure to exhaust is not apparent from the face of the complaint, the court may convert the motion to dismiss into one for summary judgment. *See Shaw*, 2016 WL 7410722, at *5. In such a circumstance the court may allow discovery, "'limited to the narrow issue of exhaustion and the relatively straightforward question [ ] [of] . . . whether remedies were available.'" *Id.* (quoting *Stevens v. City of New York*, No. 12-CV-1918, 2012 WL 4948051, at *3 (S.D.N.Y. Oct. 11, 2012) (alterations in original)). This court has not hesitated to convert a motion to dismiss into one for summary judgment, particularly when affidavits or exhibits have been submitted with the motion to dismiss, and the court wishes to examine the materials outside the complaint.

However, in this case, the only exhibits submitted by the plaintiff are not related to the exhaustion of administrative remedies, and the defendants, have properly declined to attach exhibits to their motion. Thus, rather than convert the defendant's motion to one for summary judgment, I will recommend denying the motion to dismiss without prejudice to the defendant filing a properly supported motion for summary judgment and affording plaintiff the ability to submit any documents in support of his

claim that he attempted to file a grievance but it was "not filed." *See Shaw*, *supra*,

(denying motion to dismiss without prejudice to defendants filing a motion for

summary judgment after affording plaintiff some discovery).  Defendant in this case

does not have to limit the summary judgment motion to exhaustion, if appropriate.

## III.  Service on Remaining Defendant

Because this court is recommending denial of the motion to dismiss, the issue of

service on defendant Bergman must be addressed.  As stated above, defense counsel's

letter of October 6, 2017 states "it is [defense counsel's] further understanding that

C.O. Bergman is presently retired from DOCCS service." (Dkt. No. 14).  Although

summons was reissued twice, and service attempted on defendant Bergman "c/o

DOCCS," the summons was returned unexecuted both times. (Dkt. Nos. 18, 23, 25, 27).

Defense counsel is directed to attempt to obtain a current, or a last-known,

address for defendant Bergman so that he may be served with process or consider

accepting service on his behalf.  This is not a case in which the defendant is

"unknown."  It is clear who escorted plaintiff to the funeral visit.  Thus, the court is not

asking defense counsel to "identify" a defendant, but only to provide a last known

address for a defendant whose identity is not in question.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that defendant's motion to dismiss (Dkt. No. 28) be

**DENIED WITHOUT PREJUDICE** to filing a properly supported motion for

summary judgment after conducting some discovery regarding the alleged grievance.
As stated above, the defendant will not be limited to arguing failure to exhaust if
appropriate, based any discovery conducted by the parties, and it is

**ORDERED**, that by **April 2, 2018**, defense counsel is directed to attempt to
obtain a current, or last-known, address for defendant Bergman or inform the court as to
whether defense counsel will accept service on his behalf.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have
fourteen (14) days within which to file written objections to the foregoing report.
Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT
TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE
APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing
*Small v. Sec. of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636
(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: March 5, 2018

Hon. Andrew T. Baxter
U.S. Magistrate Judge