UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ANTUANE MEANS,

                         Plaintiff,                  9:17-cv-0746 (BKS/ATB)

v.

JARED OLMSTED and JOHN BERGMAN,

                         Defendants.

**Appearances:**

*Plaintiff pro se:*
Antuane Means
13-A-4436
Sing Sing Correctional Facility
354 Hunter Street
Ossining, NY 10562

*For Defendants:*
Letitia James
Attorney General of the State of New York
David A. Rosenberg, Esq.
Assistant Attorney General
The Capitol
Albany, NY 12224

**Hon. Brenda K. Sannes, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

      Plaintiff Antuane Means, a New York State inmate, commenced this action under 42 U.S.C. § 1983 asserting claims arising out of his incarceration at Coxsackie Correctional Facility. (Dkt. No. 1). On December 21, 2018, Defendants filed a motion for summary judgment. (Dkt. No. 42). The motion was fully briefed, with a response filed by Plaintiff on February 4, 2019 and a reply filed by Defendants on February 11, 2019. (Dkt. Nos. 44, 47). This matter was assigned to United States Magistrate Judge Andrew T. Baxter who, on June 3, 2019, issued a

Report and Recommendation recommending that Defendants' motion for summary judgment be granted and that the Complaint be dismissed with prejudice. (Dkt. No. 48). Magistrate Judge Baxter determined that: (i) Plaintiff had failed to exhaust his administrative remedies; (ii) the failure to exhaust was incurable because the statute of limitations expired before Plaintiff filed this action; and (iii) as a result, the Complaint should be dismissed with prejudice. (*Id.*). Magistrate Judge Baxter advised the parties that under 28 U.S.C. § 636(b)(1), they had fourteen days within which to file written objections to the report, and that the failure to object to the report within fourteen days would preclude appellate review. (Dkt. No. 48, at 17–18).

On June 14, 2019, Plaintiff filed a notice of appeal from the Report and Recommendation to the United States Court of Appeals for the Second Circuit. (Dkt. No. 49).[1] The Court issued a text order on June 27, 2019, reminding Plaintiff that objections to the Report and Recommendation had to be filed with this Court and, in light of Plaintiff's pro se status, extending the time for filing objections to July 12, 2019. Plaintiff filed an objection to the Report and Recommendation on July 11, 2019. (Dkt. No. 52).

This Court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Id*.

Here, Plaintiff objects to Magistrate Judge Baxter's determination that Plaintiff failed to exhaust his administrative remedies. Plaintiff, however, bases his argument on factual assertions

---

[1] The Report and Recommendation is not subject to appeal, and thus the notice of appeal does not deprive this Court of jurisdiction to consider it. *See In the Matter of Wooten*, No. 15-mc-1496, 2016 WL 5900150, at *1 n.1, 2016 U.S. Dist. LEXIS 140812, at *2 n.1 (E.D.N.Y. Oct. 11, 2016).

that are nowhere in the record. Plaintiff argues that: (1) prison officials "thwarted" his attempt to exhaust his grievance "through machination, misrepresentation and intimidation"; (2) he "was told that there was no record" of his grievance when he inquired about it; and (3) when he "attempted to re-submit his Grievance he was told that his time had run out." (Dkt. No. 52, at 1–2). These assertions are not supported by any record evidence. (*See* Dkt. No. 42-5 (Plaintiff's deposition); *see also* Dkt. No. 31 (Plaintiff's opposition to motion to dismiss); Dkt. No. 44 (Plaintiff's opposition to motion for summary judgment)). As Magistrate Baxter noted, Plaintiff "does not allege that any officer tampered with, or took, his grievance." (Dkt. No. 48, at 15). Plaintiff has consistently asserted that he put his grievance in the grievance box, (Dkt. No. 42-5, at 53; Dkt. No. 52, at 2), and he was not confined in the SHU or transferred around the time of his grievance. While Plaintiff argues that this case is in accord with *Ross v. Blake*, 136 S. Ct. 1850 (2016), and *Williams v. Priatno*, 829 F.3d 118 (2d Cir. 2016), Magistrate Judge Baxter thoroughly considered both of those cases in his Report and Recommendation and concluded that Plaintiff was not excused from the exhaustion requirement. (*See* Dkt. No. 48, at 7–9, 13–16). The Court concurs in that analysis.

Plaintiff notes that here, unlike the case of *Davis v. Grant*, No. 15-cv-5359, 2019 WL 498277, 2019 U.S. Dist. LEXIS 20989 (S.D.N.Y. Feb. 8, 2019), he has provided a copy of the grievance that he claims to have filed. (Dkt. No. 52, at 2). That is insufficient here to warrant an exception to the exhaustion requirement. Having reviewed the record *de novo*, the Court agrees with Magistrate Judge Baxter's determination that Plaintiff failed to substantiate "his conclusory allegation that he filed a grievance with any further evidence, or even additional statements of fact that would lead the court to find that he exhausted his remedies or that the grievance program was 'unavailable' within the meaning of *Ross*." (Dkt. No. 48, at 16).

Having reviewed for clear error the portions of the Report and Recommendation to which Plaintiff has not objected, and found none, the Court adopts the Report and Recommendation in its entirety.

For these reasons, it is

**ORDERED** that the Report and Recommendation (Dkt. No. 48) is **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 42) is **GRANTED** and the Complaint is **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Brenda K. Sannes
U.S. District Judge

Dated: July 31, 2019
       Syracuse, New York